# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

BNSF RAILWAY COMPANY,

    Plaintiff,

v.

    Case No._____

    Judge_____

TENNESSEE DEPARTMENT OF REVENUE
and RICHARD ROBERTS, Commissioner of
Revenue of the State of Tennessee,

    Defendants.

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF FROM DISCRIMINATORY STATE TAXATION

1. This is a civil action seeking to restrain and enjoin Defendants, and all those acting in concert or participating with them, from assessing, levying, or collecting from Plaintiff Tennessee taxes on Plaintiff's consumption of diesel fuel used for rail transportation purposes in Tennessee.

2. Plaintiff contends that Defendants' imposition of taxes on diesel fuel used for rail transportation purposes is discriminatory and unlawful under Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub. L. No. 94-210, 90 Stat. 54 (February 5, 1976), now codified as 49 U.S.C. § 11501 and referred to herein as "Section 306." Plaintiff also seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants' imposition of taxes on the consumption of diesel fuel for rail transportation purposes in Tennessee violates Section 306.

N BTM 1341830 v1
2783738-000055 06/29/2014

## JURISDICTION

3. Jurisdiction of this Court is based upon the following grounds:

(a) Section 306(1), which confers jurisdiction upon district courts of the United States to prevent a state, subdivision of a state, or any governmental entity or person acting for a state or subdivision, from imposing discriminatory taxes on common carriers by rail;

(b) 28 U.S.C. §1331 [as more fully appears herein, this action arises under the U. S. Constitution, Art I, §8, Cl. 3 (Commerce Clause), and Amend. XIV, and presents a federal question].

## VENUE

4. Defendants have offices in this district, and a substantial number of the actions complained of have and will occur in this district, and thus venue lies in this Court under 28 U.S.C. §1391(b).

## PARTIES

5. Plaintiff BNSF Railway Company ("Plaintiff" or "BNSF") is a Delaware corporation with its principal place of business located in Ft. Worth, Texas. BNSF is engaged in interstate commerce as a common carrier by railroad.

6. The Tennessee Department of Revenue ("Department") is the department of the State of Tennessee charged with the responsibility to administer and collect the taxes challenged here.

7. Defendant Richard Roberts is the Department's Commissioner ("Commissioner"), and is named in this action in his official capacity only. As Commissioner, Mr. Roberts exercises general supervision over administration of the assessment and collection of non-property taxes in Tennessee.

## TENNESSEE TRANSPORTATION FUEL EQUITY ACT

8.      Prior to July 1, 2014, the purchase and use of railroad diesel fuel was subject to the Tennessee sales and use tax imposed by Chapter 6 of Title 67 of the Tennessee Code.

9.      On August 27, 2013, this Court issued an injunctive and declaratory order that the imposition of Tennessee sales and use taxes on the diesel fuel of the Illinois Central Railroad Company violates Section 306.  *See* Illinois Central Railroad Company v. Tennessee Dept. of Revenue, 969 F.Supp.2d 892 (M.D. Tenn. 2013).

10.     In reaction to this Court's Order protecting railroads from discriminatory taxation under Section 306, and Tennessee's consequent loss of discriminatory tax revenue from railroads, on May 13, 2014, Tennessee enacted the Transportation Fuel Equity Act ("the Act"), as part of Public Chapter 908 of the Public Acts of 2014.  The Act becomes effective July 1, 2014.  Section 11 of Public Chapter 908 repeals the sales and use tax on railroad diesel fuel, and instead imposes a tax of 17¢ per gallon on diesel fuel used by railroads in the State.

11.     BNSF's first payment of this tax will be due no later than October 20, 2014.

12.     The Act exempts the water carriers from its coverage.

13.     Water carriers and railroads use fuel dyed in accordance with federal regulation to power their marine vessels and locomotives.

14.     Although the Act purports to impose a tax on "commercial carriers," in reality railroads such as BNSF will be the only commercial carriers paying tax on dyed diesel fuel (which is to say, fuel used for non-highway purposes) under this Act.

15.     Although fuel used by interstate motor carriers is subject to a diesel tax under T.C.A. § 67-3-202, as amplified by the Highway User Fuel Tax, T.C.A. § 67-3-1201 et seq., the motor carriers, unlike railroads, do not use dyed fuel but instead use clear (undyed) diesel fuel which is taxed in order to support and maintain the highways used by the motor carriers.

16.     Fuel costs incurred in the transportation of property in interstate commerce are a major annual operating expense of railroads and water carriers.

## SECTION 306

17.     Section 306 (a copy of which is attached hereto) declares that discriminatory taxation of railroads by states, political subdivisions of a state, or governmental entities or persons acting on behalf of such states or subdivisions, is unlawful and constitutes an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. Section 306 states, in part:

> (1) . . . [A]ny action described in this subsection is declared to constitute an unreasonable and unjust discrimination against, and an undue burden on, interstate commerce. It is unlawful for a State, a political subdivision of a State, or a governmental entity or a person acting on behalf of such State or subdivision to commit any of the following prohibited acts:
>
> ****[Subsections (a) through (c) deal with discriminatory property taxes.]
>
> **(d)     The imposition of any other tax which results in discriminatory treatment of a common carrier by railroad subject to this part.**

(Emphasis added.)

## PLAINTIFFS' SECTION 306 CLAIM

18.     Plaintiff restates by reference the allegations of paragraphs 1 through 17 of this complaint.

19.     BNSF is a "common carrier by railroad" within the meaning of Section 306(1)(d).

20.     BNSF's principal competitors in Tennessee are motor carriers and commercial water carriers.

21.     Public Chapter 908 singles out and targets railroads because the bill only applies to railroads and imposes a tax only on railroad activity.  The Act leaves railroads as the only

N BTM 1341830 v1
2783738-000055  06/29/2014

taxpayers in Tennessee subject to the tax imposed by T.C.A. § 67-3-202 that use the fuel for non-highway purposes.

22. Water carriers are not subject to the so-called "diesel fuel tax" on their consumption in Tennessee of diesel fuel used for transportation purposes.

23. Motor carriers are subject to taxation on their clear diesel fuel, but those taxes are dedicated to support and maintain the highways used by motor carriers.

24. The exemption of water carriers from the tax and the imposition of a diesel fuel tax on railroads as non-users of the highways creates a competitive disadvantage for the railroads.

25. The tax imposed by the Transportation Fuel Equity Act is not a generally applicable tax imposed on other commercial and industrial taxpayers.

26. The imposition of the tax on Plaintiff's consumption of diesel fuel used for rail transportation purposes is discriminatory and unlawful under Section 306(1)(d).

27. Plaintiff will be being required to pay taxes by virtue of the Transportation Fuel Equity Act in violation of Section 306(1)(d). Unless the Department and the Commissioner, and all those acting in concert or participating with them are preliminarily and permanently enjoined from assessing, levying, or collecting from BNSF this tax on Plaintiff's consumption of diesel fuel for rail transportation purposes, the Plaintiff will be compelled to pay substantial discriminatory taxes wrongfully imposed in violation of Section 306(1)(d).

28. The first payments of taxes on the Plaintiff's consumption of diesel fuel under the Transportation Fuel Equity Act are due no later than October 20, 2014. Tennessee law imposes substantial penalty and interest on delinquent taxes, and BNSF could suffer penalty and interest unless the collection of the illegal taxes is enjoined.

29. Plaintiff is entitled to this Court's declaratory judgment that the imposition or collection of taxes under the Transportation Fuel Equity Act on Plaintiff's consumption of diesel fuel for rail transportation purposes violates Section 306(1)(d), and that any such taxes assessed or collected by Defendants were paid and collected contrary to the prohibitions of Section 306(1)(d).

WHEREFORE, Plaintiff requests that this Court:

(1) Preliminarily and permanently enjoin Defendants, and all those acting in concert or participating with them, from assessing, levying, or collecting taxes from Plaintiff under the Transportation Fuel Equity Act on Plaintiff's consumption of diesel fuel for rail transportation purposes; and

(2) Preliminarily and permanently enjoin Defendants, and all those acting in concert or participating with them, from instituting any proceedings to assess, levy, or collect any amount of taxes, interest, or penalties under the Transportation Fuel Equity Act that Defendants might assert to be due and owing from the Plaintiff's consumption of diesel fuel for rail transportation purposes; and

(3) Declare that Defendants' imposition or collection of tax pursuant to the Transportation Fuel Equity Act on Plaintiff's consumption of diesel fuel for rail transportation purposes violates Section 306(1)(d), and that any such taxes assessed or collected by Defendants were paid and collected contrary to the prohibitions of Section 306(1)(d); and

(4) Award Plaintiff its costs and such further equitable relief to which it may be entitled.

Respectfully requested,

James W. McBride
jmcbride@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
920 Massachusetts Avenue, NW, Suite 900
Washington, DC 20001
Telephone:     (202) 508-3467
Fax:               (202) 508-3402

Stephen D. Goodwin (006294)
sgoodwin@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone:     (901) 577-2141
Fax:               (901) 577-0734

Brigid M. Carpenter (18134)
bcarpenter@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Baker Donelson Center
Nashville, Tennessee 37201
Telephone:     (615) 726-7341
Fax:               (615) 744-7341

By:___*s/Brigid M. Carpenter*_____
   Attorneys for Plaintiff
      BNSF Railway Company

N BTM 1341830 v1
2783738-000055  06/29/2014

<div align="center">**VERIFICATION**</div>

STATE OF TEXAS

COUNTY OF TARRANT

Linda D. Childers, having been first duly sworn, states that she is Director of Taxes for BNSF Railway Company; that she is authorized to make oath on behalf of BNSF Railway Company; that she has read the foregoing Verified Complaint for Injunctive and Declaratory Relief from Discriminatory State Taxation; and that the facts stated therein are true to the best of her knowledge, information and belief.

Affiant further sayeth not.

*Linda D. Childers*

Linda D. Childers

SWORN TO AND SUBSCRIBED before me this __26th__ day of

__June__, 2014.

*Terri P. Miller*
Notary Public

My Commission Expires __October 25, 2016__

<div style="border:1px solid">
TERRI P. MILLER
MY COMMISSION EXPIRES
October 25, 2016
</div>